JAMES LYNDE *vs.* CHESTER WRIGHT, ERASTUS WATROUS, NICHOLAS BAYLIES, SAMUEL PRENTISS and CHARLES BULKLEY.—*AT LAW.*
and
CHESTER WRIGHT, ERASTUS WATROUS, NICHOLAS BAYLIES, SAMUEL PRENTISS and CHARLES BULKLEY, *vs.* JAMES LYNDE.—*IN CHANCERY.*

The plaintiff at law recovered a verdict against the defendants, upon a trial in which the defendants had neglected to plead in offset, or give in evidence, sundry receipts of the plaintiff, for monies paid towards the debt in suit, and the Court rendered judgment thereon, for the whole debt, under a rule, (entered into by the parties) *"that certain sums of money, specified in receipts signed by the plaintiff, should be deducted from said damages."* The defendants neglected and refused to produce the receipts to the clerk, and the plaintiff thereupon took execution for the whole judgment, but collected only a part. The defendants afterwards lost their receipts, and the plaintiff brought an action of debt to recover the balance of said judgment. The defendants thereupon brought their bill in chancery, praying for a discovery, an account and relief, and the same was sustained.

But no costs were decreed to the defendants, for that they were the first in fault, in not suffering their receipts to be applied upon the judgment, under the rule.

In 1814, *James Lynde* recovered a verdict, in Jefferson county court, against *Chester Wright* and others, for the sum of $393,33 and his costs, it being for his wages for teaching school, under a contract with them. In that action, the defendants did not plead an offset, nor give any evidence of payment on the trial, having attempted to rely upon a distinct defence, going to the merits of the action. On the coming in of the verdict, it was admitted by the plaintiff, that the defendants held sundry receipts against him, for monies received, towards said wages; and the verdict was accepted and judgment rendered thereon, under a special rule entered into by the parties, and which was entered upon the docket of the Court in the following terms:—
"That certain sums of money specified in receipts signed by said Lynde, should be deducted from said damages." No receipts being afterwards produced to the clerk, Lynde took out execution for the whole judgment, instructing the officer to receive the said receipts and endorse them upon the execution. But the defendants not producing any receipts to the officer, he col-

*Orange,*
*February,*
*1826.*

*Lynde*
*vs.*
Wright *et al,*
and
Wright *et al.*
*vs.*
*Lynde.*

lected a part of the execution and returned it, leaving a balance of the judgment unsatisfied.

About seven years afterwards, the plaintiff, Lynde, commenced the present action of debt, on that judgment. On the trial of that action at the last term of this Court, the defendants, after giving in evidence the endorsements upon the execution and six small receipts, executed by Lynde previous to the recovery of the first judgment, offered to prove that they had held other and larger receipts against the said Lynde, for other sums of money received by him towards said wages, and which, together with the sums collected on the execution, was in full payment and discharge of said judgment, and that the said other receipts had been lost. Several witnesses were sworn, whose testimony was given to the Court, with a view to prove the original existence and loss of the receipts, preparatory to the introduction of secondary proof to the jury, of their contents. But the Court not being satisfied by the proofs adduced, of the existence and loss of such *other receipts,* did not permit the secondary proofs offered to be given to the jury, but excluded the same, instructing the jury, that the plaintiff was entitled to recover the balance of said judgment, after deducting the sums proved to have been paid, by the evidence before them, with the interest on such balance. And the jury returned a verdict accordingly.

The defendants having taken sundry exceptions on the trial, the same were certified, and the judgment respited to the present term.

In the mean time, the defendants filed their bill in chancery, setting forth among many other things, the foregoing facts, and averring the existence and loss of said receipts, and praying for a discovery and account, and an application of the monies so received, to the payment of said judgment, agreeably to the original intention of the parties, as evidenced by the said rule of Court, and that thereupon the said Lynde be perpetually enjoined from further prosecuting his said action at law, and for *other* and *further* relief, &c. Lynde having made answer, the cause was set down for hearing at this same term, on the bill answer and traverse.

From the bill, answer and proofs, it did appear that Lynde had received of the orators, before the rendition of the first judgment, other sums of money towards said wages than those specified in the six small receipts, exhibited on the last trial at law, and that he had given certain receipts for the same, which have since been lost.

*Baylies,* for the orators. "What is agreed to be done, is considered as done, in equity." By this rule we may consider, that as far as we had monies in the hands of Lynde at the time he recovered judgment, they were applied in payment of the damages, for this was agreed to be done.—*See Newland on contracts,* 43.

But if those monies were not applied in payment of the damages, it was agreed that they should be, and a rule was made ac-

*Orange,*
*February,*
1826.

Lynde
*vs.*
Wright *et al.*
and
Wright *et al.*
*vs.*
Lynde.

cordingly. A court of equity will, therefore, decree a specifick performance on the part of *Lynde*, by decreeing that he shall discharge so much of the damages as the amount of those monies.—*See Hammond's Dig.* 239, *case* 17.—*p.* 241, *c.* 44.—*p.* 241, *c.* 48.—2 *Sch.* and *Lef.* 341.—*Com. Dig.* 343.—2 *Swift's Dig.* 16.

The decree may be made on the testimony of a single witness, corroborated with circumstances against the denial of the defendant.—*See Newland on Con.* 161.—*Hammond,* 549, *c.* 3, 7, —*p.* 550, *c.* 15.—2 *Johns. Ch. R.* 92.

The defendant is estopped from denying the rule, by the record.—3 *Dane,* 509.—*Coke Litt.* 117, 260.—9 *Johns. R.* 207.—1 *East R.* 355.—2 *Dallas,* 125.—1 *Phil. Ev.* 273.

Where a judgment is obtained against conscience by concealment, a court of equity will open it, or decree the party to acknowledge satisfaction.—*See* 1 *Mad. Ch.* 236.—*Hammond,* 214.

The Court have power to decree any judgment, bond, bill, or note on which nothing is due, to be cancelled.—*See* 1 *Johns. Ch. R.* 517, and cases there cited.

We do not proceed on the ground that the judgment was obtained by fraud, or concealment, but on the ground that Lynde has fraudulently kept it on foot after it is paid; therefore, he should acknowledge satisfaction.—*See* 4 *Johns. Ch. R.* 228.

*Upham,* for the defendant, contended, that the complainants were not entitled to relief.

1. Because they have had an opportunity to make their defence at law, and have lost it by their own negligence. The first judgment was conclusive on the parties, and nothing can now be set up as a defence against it, which would have been a good defence to the original action.

Fraud is not pretended, and neither accident or mistake appear. And where neither of these appear, equity has no jurisdiction to afford relief, on the ground that the party has lost his remedy at law. He cited *LeGrun* vs. *Governeur & Kemble,* 1 *Johns. Cas.* 492.—*Stimpson* vs. *Hart,* 1 *Johns. Ch. R.* 91.—*Lansing* vs. *I. & J. Eddy, do.* 49.—*Lee et Uxor* vs. *Boles,* 2 *Ch. Cas.* 95.—*Williams* vs. *Lee,* 3 *Atk.* 223.—*Smith & Mead* vs. *Lowry,* 1 *Johns. Ch. R.* 320.—*Curtiss* vs. *Smallridge, do.* 43.—*Richards* vs. *Symes,* 2 *Atk.* 319.—*Torry* vs. *Young, Prec. in Ch.* 193.—*Barker* vs. *Elkins & Simpson,* 1 *Johns. Ch. R.* 465.—*Dodge et al* vs. *Strong,* 2 *Johns. Ch. R.* 228.—*King* vs. *Baldwin,* 17 *Johns. R.* 389.—*Bateman* vs. *Willor,* 1 *Sch. & Lef.* 204.—2 *Swift's Dig.* 94. —4 *Johns. Ch. R.* 85.

*Secondly.* The complainants claim an exemption from the general rule of law, on the ground of the *rule* said to have been entered into in the county court. To this it is answered,

1. That the Court had no power to impose the rule without the consent of the parties. Such consent is denied by the defendant in his answer, and is testified to only by a single witness, and that not positively, which is insufficient to warrant a decree.—2 *Atk.* 19.—1 *Ves.* 66, 125.—6 *do.* 186.—2 *Ves. Jr.* 244.—3 *do.* 170.

49

Lynde
vs.
Wright et al.
and
Wright et al.
vs.
Lynde.

2. The rule is void, for uncertainty.

3. It was not entered until after verdict, when it was too late for the defendants below to avail themselves of their receipts.

4. A rule of Court cannot control or impair a record.—*Crowel vs. Byrnes*, 9 *Johns. R.* 289.

5. Admitting the rule to have been entered by the agreement of the parties, and that it contains sufficient certainty to be enforced, yet the plaintiffs are not entitled to relief in this Court. Every Court has power to enforce its own rules. If execution is sought to be enforced contrary to the rule, that Court has power to set it aside, on motion, or by *audita querela*.—1 *Tidd's Prac.* 504.—2 *do.* 908.

6. An injunction will not be granted to stay a sale under execution, on the ground that the judgment has been fully paid and satisfied; for the party has a prompt and adequate remedy at law, by *audita querela*.—2 *Swift's Dig.* 138.—1 *Johns. Ch. R.* 49.

*Thirdly.* If this were a mere bill of discovery, the Court would not sustain it at this late period. The remedy is sought too late.—6 *Ves.* 166.—2 *Swift's Dig.* 209.

But should the Court grant the prayer for discovery, they will not proceed to grant the relief sought, but leave the party to their remedy at law.—2 *Swift's Dig.* 209.—3 *Conn. R.* 135.

*Baylies*, in reply, insisted, that though the receipts were not pleaded in offset, or given in evidence on the trial, they still had the right to insist upon their application under the *rule*. Omitting to plead in offset is no bar to the demand. (16 *Mass. R.* 316.) And although equity will not relieve on account of mispleading, it will relieve against a judgment, where there was misfortune or accident.—1 *Mad. Ch.* 63.

The objection to the jurisdiction, on the ground that we have a remedy at law, comes too late, after the defendant has answered and put himself upon the merits.—2 *Johns. Ch. R.* 389.—4 *do.* 287.—10 *Johns. R.* 595-6.

The rule of Court, though uncertain on the face of it, may be made certain by parol proof, which does not contradict the record, but supports it. (3 *Dane*, 511, *sec.* 3, 512, *sec.* 1.) A record may be corrected as well as other instruments.—1 *Mad. Ch.* 41. 3 *Dane*, 485, *sec.* 5 et *seg.*

After ordering judgment to be entered upon the verdict in the action at law, the following opinion and decree in the suit in chancery were pronounced by

HUTCHINSON, Chancellor. The suit at law was brought upon a judgment recovered many years since, and the plaintiff recovered a verdict at the last term of the Supreme Court for Orange county, for the full amount of the judgment, and interest, after deducting some payments endorsed upon execution. The controversy at the trial, was about other payments contended for by the defendants, and not so endorsed, the receipts for which were said to have been lost. Decisions made at said trial, ap-

*Orange,*
*February,*
*1826.*

Lynde
*vs.*
Wright *et al.*
and
Wright *et al*
*vs.*
Lynde.

pear on exceptions allowed by the judges, accompanied with a respite of the judgment, till a decision upon the exceptions. The defendants in that suit at law, to wit, *Chester Wright* and others, have, since that trial, brought their bill in chancery, to which the defendant, Lynde, has answered, and which has this term been heard upon the bill, answer and traverse. The suit at law has also been argued upon the exceptions, and now the Court are disposed to make such a decree in the chancery suit as will end both suits.

The questions necessary to be decided in the chancery suit, are, 1st, Whether any, and what sum, remains due from the orators upon said original judgment?

2d. Whether the orators have ample remedy at law for every thing contained in their bill, for which they ought to have a remedy?

3d. Whether the orators are precluded from proving their payments, at this period, by letting the first judgment pass without producing their receipts?

4th. Whether the orators have sufficiently proved the loss and amount of their receipts?

Upon the fourth point, the Court consider that sundry affidavits, particularly those of *Charles Bulkley, Jeduthun Loomis,* and *Azro Loomis,* do sufficiently establish the fact, that the orators, when the first judgment was rendered against them, had several receipts given by said Lynde, acknowledging payments not included in said endorsements, and that the same receipts have since been lost, or mislaid, so as not now to be found. The list of receipts made out by *Azro Loomis,* with a view to a settlement with Mr. *Lynde,* and made with that particularity which shows he must have had the receipts then before him, is very satisfactory of their existence and amount. And the search proved, is all that is necessary to let in this secondary proof of the contents. If necessary to resort to that reasoning, the Court might feel less particular with regard to papers of this description, receipts for payments, which can never rise as independent claims against the signer, after the principal demand is settled, than they would be in case of notes or other writings, independently showing a cause of action against the signer.

Continuing to disregard the order proposed, we will dispose of the second and third points in connexion. In adverting to the facts, concerning which there is little or no dispute, we perceive that the receipts said to be lost, are all for payments made before the rendition of the first judgment, and ought then to have been produced and deducted, which would have saved the parties the present dispute. But the parties had then no jealousy of each other's fairness, and were willing to leave the business for a future cast, probably intending it should be done before the plaintiff, Mr. *Lynde,* would want his execution, and they both did and said that which the clerk understood authorized him to enter judgment for the plaintiff, and a rule that certain sums of money specified in receipts signed by said *Lynde,* should

*Orange,*
*February,*
1826.

Lynde
*vs.*
Wright *et al.*
and
Wright *et al.*
*vs.*
Lynde.

be deducted. Such were the entries upon the clerk's docket. This rule is so vague and uncertain, and leaves the door so fully open for a controversy about the identity of the receipts intended, that it furnishes conclusive proof of that mutual confidence which forbid suspicion of wrong on either side. But it further appears, that when *Lynde* wanted his execution, these receipts had not been produced, and there began some unprofitable conversation between Mr. Bulkley, who had the receipts, and Mr. Lynde, and the former refused or neglected to produce the receipts, and the latter took out his execution and caused a part of its amount to be collected ; and, since the receipts have been lost, Mr. *Lynde* refuses to make any deduction on account of them, and in the action at law, has now recovered the full amount without any such deduction. Now where is the ample remedy at law of these orators? Their most direct, if not their only remedy at law, would have been a motion for a new trial, in the first action ; but that remedy is long since barred, by the statute. Besides, great embarrassment is attached to that remedy, by the receipts not being produced in season, as they ought to have been, and the subsequent loss of the same, and the difficulty of proving that loss, in proceedings at law. The difficulty of the orators still availing themselves of those payments, without a new trial in the original action, is fully experienced by them, in their endeavours to defend the present suit at law. The Court are not disposed to leave the orators with no other than such an uncertain remedy. If Mr. *Lynde* has received payments which are not endorsed, and is endeavouring to collect the whole without regarding those payments, the orators ought to have relief. Both parties must have been in the wrong in the course of these transactions. It is said, without contradiction, the last suit was brought by Mr. *Lynde*, without notice of any intention to sue. The Court have carefully examined the exhibits of executions, and endorsements on the same, and the schedule of receipts and figures No. 1 and Mr. *Lynde's* explanation of that in his answer, and his admission of such endorsements, and the statement of accounts marked B, and *Azro Loomis'* affidavit explaining that statement, and the affidavit of the clerk of the Court of Lynde's saying, when he called for copies of the record to commence the last suit, that he had waited for the receipts to outlaw. And from all this testimony, a conviction is forced upon the mind, that Mr. *Lynde* knew that he was pursuing for a much larger sum than was his due ; that he collected before the last suit as much as he dare, and be sure to leave enough to overbalance the outstanding receipts ; and, when he supposed the receipts outlawed, brought his action to recover the whole that was not endorsed satisfied. These proceedings, on the part of Mr. *Lynde*, are so obviously inequitable, the Court would compel him to pay the cost of this bill, were there no blame attributable to the other party. But there was a wrong in Mr. *Bulkley's* keeping back the receipts, and threatening to sue them, and keep the whole business in an unliquidated state

Orange,
February,
1826.

Lynde
vs.
Wright et al.
and
Wright et al.
vs.
Lynde.

as it must be, in some degree, till the receipts were delivered in payment of the execution or judgment, according to the rule upon the clerk's docket, and were themselves cancelled, or placed under the control of *Lynde,* the signer.   This neglect to produce the receipts may be considered the first impropriety in point of date, and may possibly, in some sense, have drawn after it that which is not commended on the other part.   But, while this furnishes a reason why costs should not be taxed against Mr. *Lynde,* it furnishes no reason why he should be permitted to collect any part of his debt a second time.

We now go back to the remaining question, whether there remains any, and what sum, due to Mr. *Lynde,* from the orators?

We have, with as great care as possible, examined all the exhibits and all the testimony, tending to show how the balance now stands between the parties, and have cast interest on all sums on both sides for such periods as interest should be cast to produce a just balance, and we find there is now due to said *Lynde,* a balance of principal and interest, of $67,60, to which must be added the taxable cost in the suit at law, being $39,22, both amounting to $106,82.

The Court, having already directed the clerk to enter a judgment upon the verdict, in favour of said *Lynde,* in the suit at law, do now decree an injunction upon said Lynde, from taking out or prosecuting any execution upon the judgments in said suit at law, previous to the first Monday of May next; and further decree, that upon payment by the orators to the clerk of our said Court for Orange county, for the benefit of said *Lynde,* at any time before the said first Monday of May next, the said sum of $106,82, said *Lynde,* his executors and administrators be perpetually enjoined from ever praying out or prosecuting any execution, or any other process upon said judgment, this term rendered in said suit at law, and that on failure of such payment, execution may issue upon said judgment; and this Court do further decree, that no cost be taxed in this suit in chancery, for or against either party.

PRENTISS, J. being in interest, did not sit on the trials.

*Nicholas Baylies,* for the orators.

*William Upham* and *Denison Smith,* for the defendant.